UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| REBECCA FISHER,<br>　　　　　　　Plaintiff | )<br>)<br>)<br>)<br>) |
| v. | ) Civil Action No. 10-cv-30172-FDS<br>) |
| THE TOWN OF ORANGE,<br>ORANGE FIRE DEPARTMENT,<br>DENNIS M. ANNEAR, Fire Chief,<br>MARK T. VITALE, and<br>JAMES R. YOUNG, JR.,<br>　　　　　　　Defendants | )<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM AND ORDER WITH REGARD TO
REBECCA FISHER'S MOTION TO QUASH AND FOR
A PROTECTIVE ORDER (Document No. 31)
October 31, 2012

NEIMAN, U.S.M.J.

　　　　The court hereby DENIES Rebecca Fisher ("Plaintiff")'s Motion to Quash and for a Protective Order.  Plaintiff explicitly relied upon and submitted Jonathan Thomas' letter to the Massachusetts Commission Against Discrimination ("MCAD") in support of her charge of discrimination.  Plaintiff used the letter from Thomas, a licensed social worker, to show that the now-Defendants' actions "made it impossible for [Plaintiff] to continue her employment" by causing her emotional distress.  The MCAD determined that probable cause existed as to Plaintiff's allegations, and Plaintiff thereafter removed the matter to federal court.

　　　　Although the MCAD's probable cause finding may or may not be admissible in this forum, *see Patten v. Wal-mart Stores East, Inc.*, 300 F.3d 21, 26-27 (1st Cir. 2002),

the court believes that, as a practical matter, the finding benefited Plaintiff and prejudiced Defendants. Accordingly, "fairness concerns" dictate that Plaintiff should not be permitted to disclose Mr. Thomas' letter to her advantage in the related MCAD proceeding and yet seek to shield in this forum the underlying facts giving rise to the letter. *See In re Polymedica Corp. Securities Litigation*, 235 F.R.D. 28, 32-33 (D.Mass. 2006) (same "fairness concerns" apply to subject-matter waiver of work-product privilege and non-testifying expert privilege). As the First Circuit explained in the context of subject-matter waiver of the attorney-client privilege: "Implying a subject matter waiver in such a case ensures fairness because it disables litigants from using the . . . privilege as both a sword and a shield. Were the law otherwise, the client could selectively disclose fragments helpful to its cause, entomb other (unhelpful) fragments, and in that way kidnap the truth-seeking process." *In re Keeper of the Records (Grand Jury Subpoena Addressed to XYZ Corp.)*, 348 F.3d 16, 24 (1st Cir. 2003); *see also In re Polymedica Corp. Securities Litigation*, 235 F.R.D. at 32 ("While the First Circuit has not ruled on subject-matter waiver as it applied to a non-testifying expert, its discussion of subject-matter waiver in the context of the attorney-client privilege is helpful."). As a result, the court need not wait until, or indeed if, Plaintiff formally identifies Mr. Thomas as an expert in this action, as Plaintiff suggests.

The court notes that to the extent the sought-after material contains "opinion" work-product, subject-matter waiver might not extend to that information. *See Tardiff v. Knox County*, 2007 WL 2413033, at *3 (D.Me Aug 21, 2007) ("[W]ork-product waiver only extends to 'factual' or 'non-opinion' work product concerning the same subject

matter as the disclosed work product" (quoting *In re EchoStar Commc'ns Corp.*, 448 F.3d 1294, 1302 (Fed.Cir. 2006)).  As Plaintiff has not explicitly made this argument and has not provided a privilege log, the court is not prepared to address this issue.

IT IS SO ORDERED.

DATED:  October 31, 2012

                                                                /s/   Kenneth P. Neiman
                                                                KENNETH P. NEIMAN
                                                                U.S. Magistrate Judge